UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

       -against-                            S1 05 Crim. 0888 (LAK)
                                             06 Civ. 5007 (LAK)

JEFFREY STEIN, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

UNITED STATES OF AMERICA,

        -against-

JEFFREY STEIN, et al.,

                        Defendants.

JEFFREY STEIN, et al.,

                        Plaintiffs,

        -against-

KPMG LLP,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED MEMORANDUM OPINION

Lᴇᴡɪs A. Kᴀᴘʟᴀɴ, *District Judge.*

           In its recent opinion denying KPMG's motion to dismiss the complaint by the KPMG

Defendants for advancement of defense costs in this action, the Court set the matter for trial and

established a schedule for determination of any dispute about whether the matter would be tried to

2

a jury.[1]  KPMG filed a timely jury demand.  The KMPG Defendants moved to strike the jury demand, arguing essentially that their claim is one for specific performance and therefore of an equitable nature.  KPMG failed to file any opposition to the motion to strike its jury demand by the date directed by the Court or, for that matter, since.

*Facts*

As noted in *Stein III,* the KPMG Defendants sued on alleged express and implied in fact contracts as well, in some cases, as under California statutes.  They seek an order directing KPMG to pay defense costs to be incurred in the future, to pay defense costs from the date of the indictment to date, and a declaratory judgment to the same effect.  In substance, then, their contract claims seek specific performance of the alleged contracts.  The California law claim asserted by some of them in substance seeks an injunction requiring KPMG to comply with the California statutes.

*Discussion*

*Stein III* required that any papers in opposition to the motion to strike the jury demand be served and filed on or before September 15, 2006.  No such papers have been filed to date.

The Seventh Amendment by its terms applies only to "suits at common law."[2]  This

---

[1]

       *United States v. Stein,* Nos. 05 Crim. 0888, 06 Civ. 5007 (LAK), 2006 WL 2556076, at *27 (S.D.N.Y. Sept. 6, 2006) (*"Stein III"*).

[2]

       *Id.*

is a criminal case, not a suit at common law.[3]  The advancement issue arises within the criminal case, premised on the Court's ancillary jurisdiction, because it is pertinent to the remedy for the government's unconstitutional actions. At first blush, therefore, the plain language of the Seventh Amendment is at odds with KPMG's position.  Nevertheless, this is an unusual situation.  Perhaps it could be argued that KPMG should not be deprived of any right it might have had to a jury trial if the KPMG Defendants had sued it in an ordinary civil action for the same relief.  But it is unnecessary to resolve that question, as it is entirely plain that KMPG would not have been entitled to a jury even if that had occurred.

The Seventh Amendment provides in relevant part only that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."[4]  It "was declaratory of the existing law, for it required only that jury trial in suits at common law was to be 'preserved.'"[5] "In order to ascertain the scope and meaning of the Seventh Amendment, resort must be had to the appropriate rules of the common law established at the time of the adoption of that constitutional provision in 1791."[6]  Hence, in determining whether a party has a right to a jury trial:

> "we ask, first, whether we are dealing with a cause of action that either was tried at law at the time of the founding or is at least analogous to one that was, *see, e.g., Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987).

---

[3]

It has been established since 1812 that federal courts have no common law criminal jurisdiction.  *United States v. Hudson,* 7 Cranch (11 U.S.) 32 (1812).

[4]

U.S. Const., amend. VII.

[5]

*Atlas Roofing Co. v. Occupational Health and Safety Comm'n,* 430 U.S. 442, 459 (1977).

[6]

*Dimick v. Schiedt,* 293 U.S. 474, 476 (1935).

If the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791."[7]

In this case, the KPMG Defendants seek principally specific performance of KMPG's alleged contractual duty and an order requiring that it discharge its California statutory obligations to advance defense costs.  Actions for specific performance and for injunctions always have been equitable in nature.[8]  The Seventh Amendment therefore affords KMPG no right to a jury trial.

This result is not altered by the fact that the KMPG Defendants seek also to compel KPMG to reimburse them for what they have spent in defending this case since the indictment was returned.  A court of equity determining an action for specific performance or an injunction "may also award damages or other relief."[9]  The fact that a claimant seeks monetary relief incidental to specific performance or an injunction does not change the equitable character of the action and does not create a right to a jury trial.[10]

This principle is well illustrated by *Golden v. Kelsey-Hayes Co.*[11] Plaintiffs there were retired employees of the defendant employer and the retirees' surviving spouses.  They claimed

---

[7]

*Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 376 (1996).

[8]

*E.g., Atlas Roofing,,* 430 U.S. at 459; *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* 299 F.3d 643, 648 (2d Cir. 2002); *Gulbenkian v. Gulbenkian,* 147 F.2d 173, 175 (2d Cir. 1945); *see also Skidmore v. Baltimore & O. R. Co.,* 167 F.2d 54, 70 n.6 (2d Cir. 1948).

[9]

Restatement (Second) of Contracts § 358, *cmt. c.*

[10]

*E.g., Entergy Arkansas, Inc. v. Nebraska,* 358 F.3d 528, 540-47 (8th Cir. 2004).

[11]

73 F.3d 648 (6th Cir. 1996).

that  their former employer breached a collective bargaining agreement by requiring them to make certain co-payments and imposing a deductible prior to payment of benefits.  They sought an order requiring the employer to provide the benefits without the disputed co-payments and deductibles as well as a monetary award to cover the injury they had sustained between the imposition of the employer's policy and the date of an order requiring it to alter its policy.

The Sixth Circuit held that there was no right to a jury trial because the monetary award was incidental to the prayer for equitable relief:

> "In their complaint, the plaintiffs seek 'injunctive relief requiring Kelsey-Hayes and Hayes Wheels to reinstate the health care benefits' to which they claim they are entitled. In *Terry,* the Court stated that 'a monetary award "incidental to or intertwined with injunctive relief" may be equitable.' *Terry,* 494 U.S. at 571, 110 S.Ct. at 1348 (emphasis added) (quoting *Tull,* 481 U.S. at 424, 107 S.Ct. at 1839). According to section 358(3) of the Restatement, '[i]n addition to specific performance or an injunction' an equity court may award 'damages and other relief' as may be necessary to afford complete relief. As an illustration, the drafters of the Restatement wrote: 'Since an order seldom results in performance within the time the contract requires, damages for the delay will usually be appropriate.' Restatement, supra, § 358, comment c.

> "The district court granted the plaintiffs a preliminary injunction on March 17, 1994. The injunction forced Kelsey-Hayes to continue performing the alleged contract as it had prior to January 1, 1994. The monetary award the plaintiffs seek is to compensate them for the amount of loss they incurred between January 1 and March 17. Most of this loss is probably in the form of premiums and Special Age 65 Benefits withheld from pension checks by Kelsey-Hayes during this period. The balance would be the out-of-pocket expenses incurred in increased deductibles and co-payments. Such damages are exactly the type of monetary relief that courts, and the Restatement, envision as equitable relief; they are incidental to the grant of equitable relief, yet are necessary to afford complete relief. A court does not err in denying a jury trial where the monetary award sought is incidental to, or intertwined with, equitable relief."[12]

So too here.  The KPMG Defendants seek an order requiring KMPG to advance the

---

[12] *Id.* at 661 (footnote omitted).

6

costs of defending this case. Such relief would constitute specific performance of the alleged contracts and, in some instances, an injunction requiring compliance with the California statutes. The monetary relief they seek with respect to the period from the date of the indictment to the date of the decree would be "exactly the type of monetary relief that courts, and the Restatement, envision as equitable relief; they are incidental to the grant of equitable relief, yet are necessary to afford complete relief."[13]   In consequence, KPMG has no right to a jury trial.

*Conclusion*

The motion to strike KPMG's jury demand is granted.

SO ORDERED.

Dated:        September 18, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[13]        *Id.*