UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

       -against-                                                S1 05 Crim. 0888 (LAK)
                                                               06 Civ. 5007 (LAK)

JEFFREY STEIN, et al.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

UNITED STATES OF AMERICA,

            -against-

JEFFREY STEIN, et al.,

                          Defendants.

JEFFREY STEIN, et al.,

                          Plaintiffs,

            -against-

KPMG LLP,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER

LEWIS A. KAPLAN, *District Judge.*

        In a joint status report filed on September 22, 2006 (the "JSR"), the parties have described the present state of discovery and reported the existence of a number of disputes concerning its scope. In major part, the differences relate to different conceptions about the nature of the defenses available to KPMG in a proceeding brought to enforce an alleged right to advancement of defense costs and about the role of the counterclaims brought by KPMG against some of the KPMG Defendants in determining the existence of a right to advancement. The Court, having heard argument of counsel yesterday, disposes of the discovery issues, to the extent they are ripe, as follows:

2

1. The KPMG Defendants object to KPMG document requests 17 to 24 to the extent they call for personal financial information and documents relating to the payment of legal fees for defense of the indictment. They contend that this material is not relevant to determination of the existence of an advancement obligation. JSR at 3. KPMG rejoins that this material is relevant to the claim for "equitable relief on the theory that KPMG's actions have harmed them to such an extent that they lack the ability to defend themselves on the charges filed by the government" and "for purposes of determining the availability of adequate collateral if advances are ordered." *Id.* at 4.

"[A]ll contracts providing for the advancement of expenses are implicitly limited to those that are reasonably incurred." *Homestore, Inc. v. Tafeen,* 888 A.2d 204, 218 (Del. 2005). If and to the extent that the KPMG Defendants wish to press their claim to recover defense costs already paid or incurred, KPMG is entitled to know what is claimed and to an appropriate opportunity to evaluate its reasonableness, as the amount payable, if any, will be in issue at trial. Accordingly, the continued prosecution by the KPMG Defendants of so much of their claim as seeks recovery of defense costs already incurred is conditioned on their producing unprivileged documents, or documents from which privileged material has been redacted, sufficient to show the amounts claimed, the general nature and extent of the services for which they were expended, and the hourly rates or other bases upon which the costs were determined. *See Kaung v. Cole Nat'l Corp.,* No. Civ-A 163-N, 2004 WL 1921249, at *5 (Del. Ch. Aug. 27, 2004), *aff'd in relevant part, rev'd in part,* 884 A.2d 500 (Del. 2005); *Dunlap v. Sunbeam Corp.,* No. Civ-A 17048, 1999 WL 1261339, at *6 (Del. Ch. July 9, 1999); *see also Citadel Holding Corp. v. Roven,* 603 A.2d 818, 825 & n.8 (Del. 1992) ("Any discovery here authorized should be limited to the quantum of the expenditure, including a specification of work performed. The mental processes or other work product of the attorneys who billed the time is not subject to disclosure.").

KPMG is not entitled to probe the personal finances of the KPMG Defendants in search of collateral for any advances it may be called upon to make. If it proves to be entitled to such collateral, the KPMG Defendants either will or will not be in a position to provide it.[1]

The Court yesterday stayed discovery concerning the KPMG Defendants' personal finances because it did not understand them to seek "equitable relief [from KPMG] on the theory that KPMG's actions have harmed them to such an extent that they lack the ability to defend themselves on the charges filed by the government." On further reflection, however, there may be more to KPMG's argument that initially met the eye.

In order to obtain equitable relief, the KPMG Defendants will be obliged to demonstrate the inadequacy of remedies at law for breach by KPMG of any contractual or other duty

---

[1] Corporations and other business entities "may specify by bylaw or contract the terms and conditions upon which present and former corporate officials may receive advancement, *e.g.,* proof of an ability to repay or the posting of a secured bond." *Homestore, Inc.,* 888 A.2d at 212. KPMG's position here, however, has been that it has no contractual obligation to advance defense costs, not that it is obliged to do so provided that security for repayment is provided.

to advance expenses. It may well be that the KPMG Defendants would prevail on this issue, without adducing any evidence concerning their personal finances, on the theory that the inherent nature of a right to advancement is to have the employer front the money for the defense irrespective of them financial status of the employee or former employee. The whole point of advancement is to have the employer "shoulder . . . interim costs." *Kaung,* 884 A.2d at 509. Absent specific relief, the right to advancement would be destroyed. It is possible, however, that the KPMG Defendants might seek to bolster there claim of irreparable injury by demonstrating that the means available to them are insufficient to mount a proper defense in this action, an argument that necessarily would depend upon proof of their individual financial circumstances and the cost of defending the charges against them.

It would be inappropriate to permit the KPMG Defendants to block discovery of their personal financial situations and then to raise the latter argument at trial. In consequence, any KPMG Defendant who fails now to furnish KPMG with a reasonably current personal financial statement shall be precluded from making the second argument.[2]

2. The parties disagree next as to whether KPMG is entitled to discovery concerning the KPMG Defendants' alleged unlawful behavior while they were at KPMG. KPMG claims that it is entitled to go into this area because it is relevant to affirmative defenses it has pled and to the claims of those KPMG Defendants who rely upon California Labor Code § 2802(a), which provides for indemnification even for unlawful behavior "unless the employee, at the time of obeying the [employer's] directions, believed them to be unlawful." JSR at 4.

KPMG's answer pleads a string of affirmative defenses in the most conclusory fashion. For the most part, they either are not affirmative defenses at all[3] or fail to allege essential elements of defenses to the advancement claim.[4] Moreover, even if some of these alleged

---

[2] KPMG has stated that it would accept current personal financial statements in lieu of responses to its other discovery requests concerning personal finances. Joint Status Report [05 Crim. 0888, docket item 775] at 4.

[3] For example, failure to state a claim upon which relief may be granted is not an affirmative defense.

[4] *See, e.g., United States v. Stein,* Nos. 05 Crim. 0888, 06 Civ. 5007 (LAK), 2006 WL 2556076, at *24-25 (S.D.N.Y. Sept. 6, 2006); *id.* 435 F. Supp. 2d 330, 379 n.237 (S.D.N.Y. 2006).

In addition, the claim that defendant Stein fraudulently procured the severance agreement upon which he relies in Count II is insufficient because it fails to allege fraud with particularity. *See* FED. R. CIV. P. 9(b). Litigants are not entitled to use insufficient allegations of fraud as justifications for discovery. *E.g., Madonna v. United States,* 878 F.2d 62, 66 (2d Cir. 1989) (contention, "that discovery will unearth information tending to prove his contention of fraud, is precisely what Rule 9(b) attempts to discourage"); *Decker v.*

4

affirmative defenses, if appropriately pled and supported by evidence, would be sufficient, none now affords a basis for opening up the sort of discovery KPMG seeks to conduct.

    KPMG's California law argument fails to distinguish between indemnification and advancement. The Court assumes, without deciding, that the statute in question would permit an employer defending an *indemnification* claim to prove that an employee who committed unlawful acts is not entitled to indemnification because the employee believed his or her actions to be unlawful at the time. The California cases, however, have inferred from the statute a duty on the part of the employer to defend, *e.g., Plancarte v. Guardsmark, LLC,* 118 Cal. App. 4th 640, 647-48, 13 Cal. Rptr. 3d 315, 320-21 (1st Dist. 2004); *Jacobus v. Krambo Corp.,* 78 Cal. App. 4th 1096, 1100, 93 Cal. Rptr. 2d 425, 428 (1st Dist. 2000), which is analogous to a duty to *advance* defense costs. Such duties are enforceable in equity, in appropriate cases, regardless of whether the relief is characterized as an injunction or specific performance. *See Am. Motorists Ins. Co. v. Superior Court of Los Angeles County,* 68 Cal. App. 4th 864, 869 & n.2, 80 Cal. Rptr. 2d 621, 624 & n.2 (2d Dist. 1998).[5] Moreover, just as an employer's ultimate duty to indemnify is not at issue on an application to compel advancement under by-laws and contracts providing for advancement, an employer's ultimate duty to indemnify is not at issue in an equitable proceeding to compel performance of a duty to defend. *See id.* (approving deferral of coverage issues until conclusion of underlying litigation). In consequence, it strongly appears that KPMG may not defend the claim under California Labor Code § 2802 for advancement of defense costs by asserting that its former California personnel would not be entitled to indemnification under that statute.

    Nevertheless, the Court has given KPMG one last chance to brief these issues. Given the modest likelihood that it will prevail on its contention that these are appropriate subjects of discovery or defense in a proceeding to establish a right to advancement, all discovery concerning the KPMG Defendants' alleged unlawful behavior while they were at KPMG is stayed pending further order of the Court.

    3.  The KPMG Defendants object in principle to being obliged to respond to interrogatories and requests to admit. JSR at 5. That objection is overruled, although the scope of discovery by those means is subject to the same limits as everything else. Moreover, absent further order of this Court, KPMG shall comply with the limitation of Rule 33(a) on the number of interrogatories permitted.

---

    *Massey-Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982) ("Rule 9(b) [fails] in its purpose if conclusory generalizations . . . will permit a [litigant] to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing . . .").

[5]  Some California courts have stated that an employer is not obliged to defend whenever there is a potential for liability, but that it ultimately may be required to indemnify the employee for defense costs. *See, e.g., Plancarte,* 118 Cal. App. 4th at 648, 13 Cal. Rptr. 3d at 321. This of course is correct. As the issue was not presented in such cases, however, these statements fail to take account of the fact that equitable relief to compel the employer to defend is appropriate in a proper case.

5

        4.      As stated on the record, the Rule 30(b)(6) deposition of KPMG may be conducted in two separate sessions, the first of which shall take place on September 29, 2006. Moreover, although the Court previously limited the number and duration of depositions, it made clear that those limitations applied absent further order of the Court. The parties are free to apply for expansion of those limitations, bearing in mind that such applications are unlikely to be granted absent a showing of need.

        5.      The KPMG Defendants' objection to KPMG's document requests for documents used in drafting the KPMG Defendants' responses to requests to admit and interrogatories is sustained.

        SO ORDERED.

Dated:      September 27, 2006

_____

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)